UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMIE LYNN VAUGHN           ]
    Plaintiff,              ]
                            ]
v.                          ]     No. 3:15-0161
                            ]     Judge Trauger
ROBERT ARNOLD, et al.       ]
    Defendants.             ]

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, and Lt. Deal, a member of the staff at the Detention Center, seeking injunctive relief.

On July 17, 2014, the plaintiff was arrested and taken to the Rutherford County Adult Detention Center. Since then, he alleges that the defendants have been harassing him for the misdeeds of his nephew. More specifically, the plaintiff claims that the defendants (1) refuse to assign him to a position of trustee at the jail; (2) have threatened and verbally abused him; and (3) have attempted to interfere with his ability to file the instant action.

To establish a claim for § 1983 relief, the plaintiff must

1

plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

An inmate's expectation of obtaining or retaining a particular job assignment has not been recognized as a property or liberty interest protected by the Due Process Clause of the Constitution. Dellis v. Corrections Corporation of America, 257 F.3d 508, 511 (6th Cir.2001). Thus, defendants' refusal to grant the plaintiff trustee status does not state a constitutional claim.

The plaintiff also complains about being threatened and verbally abused by the defendants. But it is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Therefore, the alleged verbal abuse of the plaintiff is not actionable here. Paul v. Davis, 424 U.S. 693 (1976).

Finally, the plaintiff asserts that the defendants have discouraged and attempted to interfere with the filing of the instant action.

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an

2

adequate law library, <u>Walker v. Mintzes</u>, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. <u>Procunier v. Martinez</u>, 416 U.S. 396 419 (1974).

It is not enough, however, for the plaintiff to simply allege that his ability to file a lawsuit has been made more difficult. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. <u>Walker</u>, *supra* at 771 F.2d 932; <u>Kensu v. Haigh</u>, 87 F.3d 172, 175 (6th Cir.1996). The plaintiff has made no such showing. Consequently, this allegation is also not actionable.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                               Aleta A. Trauger
                                               United States District Judge